IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JENNIFER A. VALDEZ, CHRISTINE L. SHILL, AND SCOTTIE N. COOK, ) ) ) Plaintiffs, ) ) vs. ) ) SOUTHEAST KANSAS INDEPENDENT ) LIVING RESOURCE CENTER, INC. d/b/a ) INDEPENDENT STRIDES HOME HEALTH, ) TARINA LANE, AND SHELLY HINKLE, ) ) Defendants. ) | Case No. 10-1194-KHV-DJW |

## JOINT MOTION TO APPROVE SETTLEMENT

**COME NOW** the parties, by and through their counsel, and move the Court for an Order approving the terms of the parties' settlement of all claims asserted herein as set forth in written Settlement and Release Agreements entered by and between each of the named plaintiffs and all of the defendants and attached hereto as Exhibits 1, 2 and 3 (the "Settlement Agreements").

In support of their Motion, the parties state the following:

1. Each of the parties herein is represented by counsel.

2. Each of the named plaintiffs has in this action asserted a claim against defendants Southeast Kansas Independent Living Resource Center, Inc. d/b/a Independent Strides Home Health ("SKILR") and Tarina Lane ("Lane") for alleged unpaid wages, liquidated damages, costs and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"). Plaintiffs Valdez and Schill have also asserted tort claims against one or more of the defendants.

3. The FLSA claims in this action are individual claims of the named plaintiffs. None of the plaintiffs represents or has sought to represent any other person pursuant to 29 U.S.C. §216(b) or otherwise.

4. SKILR does business as Independent Strides Home Health in Parsons, Kansas, and provides home health services to patients residing in southeast Kansas. SKILR is an employer and covered enterprise within the meaning of the FLSA.

5. Plaintiff Valdez worked as a registered nurse providing home health services for patients of Independent Strides. She was hired to work part-time on September 19, 2007. On approximately February 1, 2008, Valdez became a full-time employee and worked full-time until March 22, 2010.

6. Plaintiffs Schill and Cook worked as certified home health aides providing home health services for patients of Independent Strides under the supervision of defendant Lane and/or other registered nurses employed by Independent Strides. Schill was employed from July 22, 2009 until June 7, 2010. Cook was employed from January 25, 2008 until August 4, 2009.

7. All the plaintiffs were paid by the hour and were entitled to the protections of the FLSA throughout their employment.

8. When working a full-time schedule the plaintiffs typically worked up to 40 hours per week, although each plaintiff occasionally worked more than 40 hours in a workweek.

9. In this action, each plaintiff claims to have worked a modest amount of overtime hours during their employment during the three years preceding the filing of this action that was not recorded on each plaintiff's respective hours worked records and for which each plaintiff was not properly compensated.

10. Defendants dispute that the plaintiffs worked overtime for which they were not properly compensated, asserting that the plaintiffs' hours worked records accurately reflect all of their working hours and that all working hours were properly paid, including overtime paid at one and one-half times the regular rate for each hour worked over 40 in a seven day workweek.

11.     The FLSA claims, as well as Valdez's and Schill's tort claims, are the subject of a bona fide dispute between the plaintiffs and the defendants that the parties wish to compromise and settle.

12.     Valdez estimated that she worked approximately 50 hours of overtime during her employment for which she was not paid, but Valdez does not have contemporaneous records to support her estimate.  Valdez's initial rate of pay was $22.00 per hour and her last rate of pay was $24.27 per hour. Pursuant to her settlement agreement, Valdez will be paid $1,815 in alleged unpaid overtime pay and $1,815 in alleged liquidated damages.  Valdez is also being paid an additional negotiated amount to compensate her for her alleged general damages to settle her tort claims.  Based on her estimate, Valdez and her counsel do not believe that she would recover anything more than is being offered to settle the FLSA claim should she prevail at trial.  See Exhibit 1.

13.     Schill estimated that she worked approximately 40 hours of overtime for which she was not paid, but Schill does not have contemporaneous records to support her estimate. Schill's rate of pay was $8.50 per hour for her entire employment. Pursuant to her settlement agreement, Schill will be paid $510 in alleged unpaid overtime pay and $510 in alleged liquidated damages. Schill is also being paid an additional negotiated amount to compensate her for her alleged general damages to settle her tort claim.  Based on her estimate, Schill and her counsel do not believe that she would recover anything more than is being offered to settle the FLSA claim should she prevail at trial.  See Exhibit 2.

14.     Cook claimed that she worked a substantial amount of overtime, some of which was worked in the two years prior to the filing of this action and some of it before said filing, for which she was not properly paid, but Cook does not have contemporaneous records to support an accurate estimate of the number of hours.  Cook, nonetheless, desires to settle her FLSA claim based on the

amount of additional back wages negotiated by her counsel and counsel for defendants. Cook's first rate of pay was $8.50 per hour and her final rate of pay was $9.11 per hour. Pursuant to her settlement agreement, Cook will be paid $1,250 in alleged unpaid overtime pay and $1,250 in alleged liquidated damages. Cook and her counsel are not certain that she would recover anything more than is being offered to settle her FLSA claim should she prevail at trial. See Exhibit 3.

15. The settlement amount paid to each plaintiff also includes an amount for each plaintiff's attorneys' fees and the filing fee and costs of service. See Exhibit 1, 2, and 3. The total paid pursuant to the settlement agreements for plaintiffs' attorneys' fees and costs to date is $10,000.

16. Plaintiffs are being paid a total of $35,000 pursuant to the parties' settlement agreements to settle all of the plaintiff's claims, including the tort claims of Valdez and Schill.

17. The total amount paid pursuant to the settlement agreements for attorneys' fees and costs (which amounts are payable directly to plaintiffs' attorneys) amounts to 28.6% of the total of all of the settlement payments. Because the plaintiffs desire to settle their respective claims pursuant to the Settlement Agreements, counsel for the plaintiffs is willing to accept the amounts of attorneys' fees and costs provided by the Settlement Agreements, despite said amounts being less than that originally agreed to by plaintiffs and counsel and less than what plaintiffs' counsel would receive for the time spent on this case if paid at his normal billing rate. However, relative to the amount each plaintiff will receive pursuant to her Settlement Agreement, the amount of fees and costs provided for thereby are reasonable for purposes of settling the FLSA claim.

18. The settlement amounts paid to each plaintiff pursuant to her respective settlement agreement includes payment for her estimated unpaid overtime wages in full, an equal amount of liquidated damages and reasonable attorneys' fees and costs, which are the full remedies available under the FLSA.

19. The parties suggest that the settlements of the FLSA claims they have negotiated are fair and reasonable under all the circumstances as required for court approval of settlements of FLSA claims.

WHEREFORE, the parties request that the Court grant their Joint Motion and enter an Order approving the Settlement Agreements attached hereto as Exhibits 1, 2 and 3, finding said Settlement Agreements fair and reasonable under all the circumstances. A proposed Order is being submitted by electronic mail.

Respectfully submitted,

FOULSTON SIEFKIN LLP

By:/s/ Jeffrey B. Hurt
Jeffrey B. Hurt, KS #14140
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206-4466
316-291-9566
ATTORNEYS FOR DEFENDANTS

and

AYESH LAW OFFICES

By: /s/ Ray E. Simmons
Ray E. Simmons, KS #12296
8100 E. 22nd St. N.
Bldg. 2300, Suite 2
Wichita, KS  67226
316-682-7381
ATTORNEYS FOR PLAINTIFFS