# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JENNIFER A. VALDEZ, CHRISTINE L. SCHILL )
 and SCOTTIE N. COOK,                     )
                                          )
       **Plaintiffs,**                  )   **CIVIL ACTION**
                                          )
**v.**                                    )   **No. 10-1194-KHV/DJW**
                                          )
SOUTHEAST KANSAS INDEPENDENT LIVING       )
RESOURCE CENTER, INC. d/b/a INDEPENDENT   )
STRIDES HOME HEALTH, TARINA LANE and      )
SHELLY HINKLE,                            )
                                          )
       **Defendants.**                 )
_____ )

## MEMORANDUM AND ORDER

Plaintiffs bring suit against Southeast Kansas Independent Living Resource Center, Inc. d/b/a Independent Strides Home Health, Tarina Lane and Shelly Hinkle to recover unpaid wages, liquidated damages, costs and attorneys' fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq.[1] Plaintiffs Valdez and Schill also bring tort claims against one or more defendants. The parties have reached settlement agreements. This matter is before the Court on their Joint Motion To Approve Settlement (Doc. #23) filed February 18, 2011.

---

[1]     Section 216(b) states in part as follows:

> Any employer who violates the [minimum wage and maximum hour provisions of the Act] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

29 U.S.C. § 216(b). The Supreme Court has found that the liquidated damages provision is not penal in nature, but constitutes compensation for potential harm to the worker's standard of living and the free flow of commerce which might result in damages too obscure and difficult to prove. See Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1945) (citing Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, 583-84 (1942)).

When employees file suit against their employer to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination of whether the settlement is fair and reasonable.[2] McCaffrey v. Mortgage Sources, Corp., No. 08-2660-KHV, 2011 WL 32436, at *2 (D. Kan. Jan. 5, 2011); see Lynn's Food Stores, 679 F.2d at 1353. The provisions of the FLSA are not subject to private negotiation between employers and employees. See Lynn's Food Stores, 679 F.2d at 1352 (citing Brooklyn Sav. Bank, 324 U.S. at 706-07); Dees v. Hydradry, Inc., 706 F. Supp.2d 1227, 1234 (M.D. Fla. 2010); Collins v. Sanderson Farms, Inc., 568 F. Supp. 2d 714, 718 (E.D. La. 2008). To allow such waivers would nullify the effectiveness of the Act. See id. at 712.

Requiring court approval of such settlements thus effectuates the purpose of the FLSA – to "protect certain groups of the population from substandard wages and excessive hours. . . . due to the unequal bargaining power as between employer and employee," which may "endanger[] national health and well-being and the free flow of goods in interstate commerce." Brooklyn Sav. Bank, 324 U.S. at 706. To approve an FLSA settlement, the Court must find that (1) the litigation involves a bona fide dispute, (2) the proposed settlement is fair and equitable to all parties concerned and (3) the proposed settlement contains an award of reasonable attorney fees. See McCaffrey, 2011 WL 32436, at *2;

_____

[2]       Employees may settle or compromise FLSA back wage claims in one of two ways. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). First, under FLSA Section 216(c), the Secretary of Labor may supervise the payment of unpaid wages to employees. See id. at 1353. Second, in the context of a private action to recover unpaid wages, a district court may enter a stipulated judgment after scrutinizing the settlement for fairness. See id. (citing D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 113 n.8 (1946)); Hohnke v. United States, 69 Fed. Cl. 170, 178-79 (Fed. Cl. 2005). Here, the parties seek court approval of a settlement obtained in the context of a private action to recover unpaid wages. If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages that are actually in dispute, the Court may approve the settlement to promote the policy of encouraging settlement of litigation. See Lynn's Food Stores, 679 F.2d at 1354.

<u>Lynn's Food Stores</u>, 679 F.2d at 1354.

## I.    Bona Fide Dispute

Parties requesting approval of an FLSA settlement must provide the Court with sufficient information to determine whether a bona fide dispute exists. <u>See</u> <u>Dees</u>, 706 F. Supp.2d at 1241. To meet this obligation, the parties should provide the following information: (1) a description of the nature of the dispute (<u>e.g.</u>, a disagreement over coverage, exemption or computation of hours worked or rate of pay); (2) a description of the employer's business and the type of work performed by the employees; (3) the employer's reasons for disputing the employees' right to a minimum wage or overtime; (4) the employees' justification for the disputed wages; and (5) if the parties dispute the computation of wages owed, each party's estimate of the number of hours worked and the applicable wage. <u>McCaffrey</u>, 2011 WL 32436, at *2.

The parties' motion provides this information. It states that Valdez worked as a registered nurse providing home health services for patients of Independent Strides. Defendants hired her to work part-time on September 19, 2007. On approximately February 1, 2008, Valdez became a full-time employee and worked full time until March 22, 2010. Schill and Cook worked as certified home health aides. They provided health services for patients of Independent Strides under the supervision of defendant Lane and other registered nurses employed by Independent Strides. Defendants employed Schill from July 22, 2009 until June 7, 2010. They employed Cook from January 25, 2008 until August 4, 2009. Defendants paid all plaintiffs by the hour and they were entitled to FLSA protections throughout their employment. Plaintiffs typically worked up to 40 hours per week, although each plaintiff occasionally worked more than 40 hours in a work week.

Plaintiffs' FLSA claims are for unpaid overtime. Based on their records, defendants assert that

they properly compensated plaintiffs for all hours worked. Each plaintiff estimates that she worked the following unpaid overtime hours: Valdez – 50, Schill – 40, Cook – a "substantial amount." Valdez' initial pay rate was $22.00 per hour and her last pay rate was $24.27 per hour. Under the settlement agreement Valdez would receive $1,815 in unpaid overtime and the same amount in liquidated damages. Schill's pay rate was $8.50 per hour for her entire employment. Under the settlement agreement Schill would get $510 in unpaid overtime and the same amount in liquidated damages. Cook's initial pay rate was $8.50 per hour and her final pay rate was $9.11 per hour. Under the settlement agreement Cook would receive $1,250 in unpaid overtime and the same amount in liquidated damages. Valdez and Schill would also receive an additional negotiated amount to compensate for their alleged general damages to settle their tort claims.

Based on this record the Court finds that the parties have a bona fide dispute.

## II.    Fair And Reasonable

To be fair and reasonable, an FLSA settlement must be reasonable to the employee and must not frustrate the policies embodied in the FLSA. When determining the reasonableness of a settlement to the employee, the framework for evaluating the fairness of a class action settlement is instructive. McCaffrey, 2011 WL 32436, at *2. The Tenth Circuit considers the following factors when determining whether to approve a class action settlement under Rule 23(e), Fed. R. Civ. P.: (1) whether the parties fairly and honestly negotiated the settlement; (2) whether serious questions of law and fact exist which place the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted litigation; and (4) the judgment of the parties that the settlement is fair and reasonable.

Here, no evidence suggests that the parties did not fairly and honestly negotiate the settlement.

-4-

Also, plaintiffs and their counsel believe that the settlement is fair and reasonable. The parties dispute the factual basis of plaintiffs' claims, but this dispute does not undermine the fairness or reasonableness of the settlement. Moreover, the value of immediate recovery would likely outweigh the mere possibility of recovery after protracted litigation.

In addition to these factors, the Court must also ensure that the settlement does not undermine the purpose of the FLSA to protect employees' rights from employers who generally wield superior bargaining power. Courts consider the following factors when determining whether a settlement complies with FLSA policies: (1) presence of other employees situated similarly to plaintiffs, (2) a likelihood that plaintiffs' circumstance will recur and (3) a history of FLSA non-compliance by defendant or others in defendant's industry. <u>Dees</u>, 706 F. Supp.2d at 1244. The record reflects that the settlements are consistent with the purpose of the FLSA. Neither plaintiffs' complaint nor the parties' motion for settlement approval indicate the presence of other employees situated similarly to plaintiffs. In addition, the fact that this action is not an FLSA collective action indicates that defendants' alleged underpayment of wages was not part of a widespread course of conduct, but involved isolated incidents. The record does not reflect a history of FLSA non-compliance by defendants nor any likelihood that plaintiffs' circumstances will recur.

The Court therefore finds that the settlement is fair and reasonable.

## III.    Reasonable Attorney Fees

To determine whether the negotiated amount of attorney fees is reasonable, the Court must examine whether plaintiffs' counsel are adequately compensated and ensure that a conflict of interest does not taint the amount plaintiffs receive under the agreement. <u>Id.</u> at 1243. Under the settlement agreement, plaintiffs would receive a total of $35,000 to settle all claims, which includes $7,150 to settle

their FLSA claims and $10,000 for attorney fees. Attorney fees amount to 28.6 per cent of the total settlement amount. Though the parties state that the attorney fees are reasonable, they do not state how much of the $10,000 is attributable to plaintiffs' FLSA claims. Nevertheless, $10,000 in attorney fees is a reasonable amount in light of the totality of the litigation. In addition, under the agreement, plaintiffs' counsel have agreed to take a lower percentage of the total settlement than plaintiffs initially agreed to pay. The record contains no suggestion that counsel have a conflict of interest, and the Court finds that the fee award should be approved.

**IT IS THEREFORE ORDERED** that the parties' <u>Joint Motion To Approve Settlement</u> (Doc. #23) filed February 18, 2011, be and hereby is **SUSTAINED**.

Dated this 29th day of March, 2011 at Kansas City, Kansas.

<u>s/  Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge